UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ALLAN MILLER,

    Plaintiff,

v.                                  Case No. 1:16-cv-1441

COMMISSIONER OF SOCIAL          Hon. Ray Kent
SECURITY,

    Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of October 1, 2008. PageID.175. Because plaintiff last met the insured status requirements of the Social Security Act on December 31, 2013, the relevant time period for this appeal is October 1, 2008 through December 31, 2013. PageID.31, 40. Plaintiff identified his disabling conditions as: post traumatic stress disorder (PTSD); three herniated discs in back; and pinched nerve in back. PageID.187. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment in the military (United States Marine Corps) and as a construction worker. PageID.188. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on September 2, 2015. PageID.29-40. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended onset date of October 1, 2008, and met the insured status requirements of the Social Security Act through December 31, 2013. PageID.31. At the second step, the ALJ found that through the date last

insured, plaintiff had severe impairments of degenerative disc disease and anxiety. PageID.31. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.32.

The ALJ decided at the fourth step that:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant should not be required to climb ladders, ropes or scaffolds; should not be required to kneel or crawl; should not work around unprotected heights or dangerous moving mechanical parts; should not be required to operate a motor vehicle commercially; should not work around any occupational vibration; should not be required to work with the general public and can tolerate only occasional interactions with coworkers and supervisors.

PageID.34. The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work. PageID.39.

At the fifth step, the ALJ determined that, through the date last insured, plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy. PageID.39-40. Specifically, the ALJ found that plaintiff could perform the requirements of sedentary unskilled occupations such as office clerk (69,000 jobs nationally), audit clerk (53,000 jobs nationally), and production worker (28,000 jobs nationally). PageID.40. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from October 1, 2008 (the alleged onset date) through December 31, 2013 (the date last insured). PageID.40.

### III. DISCUSSION

Plaintiff set forth two issues on appeal:

**A. The ALJ failed to insure that the record was fully developed prior to denying benefits.**

4

Plaintiff appeared without an attorney at his administrative hearing held on May 20, 2015. After being advised of his right to an attorney and the possibility of a postponement to request an attorney, plaintiff stated that he understood his rights and wanted to go forward without an attorney. PageID.48-50. Now, plaintiff contends that the ALJ failed to fully develop the record for him. The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants when three special circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). When this special duty exists, the ALJ must scrupulously and conscientiously explore all of the facts relevant to the claims of the unrepresented claimant. *Lashley*, 708 F.2d at 1051-52.

Prior to the hearing, plaintiff executed an appointment of a non-attorney representative, who requested a hearing by an ALJ. PageID.117, 123, 125. The representative withdrew on December 23, 2013. PageID.136. After plaintiff submitted a change of address, his hearing was rescheduled for May 20, 2015 in Traverse City, Michigan. PageID.137-143. Before the hearing, plaintiff received a waiver of representation, which he executed on May 20, 2015. PageID.158.

As discussed, plaintiff was advised of his right to counsel, expressed an understanding of that right, and advised the ALJ that he wanted to proceed without an attorney. Under these circumstances, plaintiff was adequately informed of his right to legal representation. *See Johnson v. Commissioner of Social Security*, 97 Fed. Appx. 539, 542 (6th Cir. 2004) (Social Security claimant was adequately informed of his right to counsel when he received written notices of his right to representation prior to the administrative hearing, the ALJ advised the claimant of

his right to counsel, and the claimant elected to proceed without legal representation). While plaintiff was without counsel and arguably unfamiliar with hearing procedures, the record does not reflect that he was incapable of presenting an effective case. The administrative record included medical records from the VA Medical Center in Sacramento, California (from 2/22/2012 to 1/28/2013 and 11/7/12 to 11/7/2013)), treatment records from the Aleda E. Lutz VA Medical Center in Saginaw, Michigan (from 3/7/2014 to 5/1/2015), and consultative examinations (orthopedic examination and psychological examination). PageID.280-432. Plaintiff provided all of the records except for the records from Aleda E. Lutz, which the ALJ obtained after the hearing and provided to plaintiff on or about June 26, 2015. PageID.277-278. Prior to issuing her decision, the ALJ proffered these records to plaintiff, advising him of his right to submit comments, a written statement and written questions, or to request a supplemental hearing. *Id*. There is no record that plaintiff responded. The hearing transcript reflects that plaintiff ably articulated his position to the ALJ. PageID.46-80. As discussed, the ALJ entered her decision on September 2, 2015. For these reasons, the Court concludes that the ALJ did not have a special duty to develop the record for plaintiff. Accordingly, plaintiff's claim of error that the ALJ failed to fully develop the record and ensure plaintiff a fair hearing will be denied.[1]

> **B. The ALJ's consideration of the VA disability award was inadequate under the facts of this case.**

At the administrative hearing, plaintiff testified that the VA rated him at "100% total and permanent" disability. PageID.53. The Sixth Circuit addressed the ALJ's treatment of VA disabilities decisions in *LaRiccia v. Commissioner of Social Security*, 549 Fed. Appx. 377 (6th Cir. 2013):

---

[1] Even if plaintiff's situation had triggered the ALJ's special duty (which it did not), the record reflects that the ALJ discharged her duty by asking plaintiff numerous questions regarding his medical condition, past work, limitations and ability to perform work related activities. PageID.46-80.

6

> This court has not set forth a specific standard regarding the weight the Commissioner should afford a 100% disability determination by the VA. *See Stewart v. Heckler*, 730 F.2d 1065 (6th Cir.1984) (noting in passing the claimant's VA 100% disability rating). Social Security regulations provide that "a determination made by another agency that [a claimant is] disabled or blind is not binding on [the Commissioner]." 20 C.F.R. § 404.1504. But the Commissioner may nonetheless find an agency's determination relevant, depending on the similarities between the rules and standards each agency applies to assess disability. *See* SSR 06–03p, 2006 WL 2329939, at *7 (August 9, 2006) ("[B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency."). Regardless of the weight afforded, an ALJ "should explain the consideration given to these decisions in the notice of decision." *Id*.

*LaRiccia*, 549 Fed. Appx. at 387-88. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) ("[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ").

The ALJ addressed plaintiff's VA disability award as follows:

> The claimant indicates that he has been approved for Veteran's Administration disability benefits, but we have been unable to obtain the related report and analysis in spite of multiple attempts. I have considered this information but ultimately note that the standards for VA disability are very different from this program and are not dispositive.

PageID.38.

Plaintiff engaged counsel to contest the ALJ's decision. Counsel reports that it took him 11 months to obtain plaintiff's VA records after he requested them on October 21, 2015. Plaintiff's Brief at PageID.513. Plaintiff's brief includes copies of documentation from the VA stating that as of May 12, 2012, plaintiff's combined evaluation for compensation was "80% from 10/17/2008," consisting of 70% PTSD and 20% lumbar disc disease L3/4 and L4/5 with chronic pain. PageID.530. The VA also notified plaintiff that under its regulations, "Based on this evidence, entitlement to individual unemployability is granted effective October 17, 2008, which

represents the date on which you met the disability percentage requirements for unemployability consideration." *Id.*[2]

Here, the ALJ assumed that plaintiff had received VA disability benefits, which according to plaintiff were for a 100% disability. The ALJ accepted plaintiff's report, but ultimately concluded that his receipt of a VA disability was not dispositive of his claim for DIB because "the standards for VA disability are very different from this program." PageID.38. The ALJ considered the evidence of plaintiff's receipt of VA benefits. *See LaRiccia*, 549 Fed. Appx. at 387-88. Accordingly, plaintiff's claim of error will be denied.

IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 28, 2018         /s/ Ray Kent
                              United States Magistrate Judge

---

[2] The documents attached to plaintiff's brief are not part of the administrative record. When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988). There is no basis for the Court to consider this evidence because plaintiff's counsel did not request a sentence-six remand.